UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1999A16146 |
| vs. | § § | |
| James M. Franz | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Macomb County, Michigan within the jurisdiction of this Court and may be served with service of process at 13528 Kurch Drive, Sterling Heights, Michigan 48312.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,609.61 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,524.37 |
| C. Administrative Fee, Costs, Penalties | $9.05 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$4,143.03** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 7.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

James M. Franz
13528 Kurch DR
Sterling HGTS, MI 48312

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below, plus additional interest from 11/23/98.

On or about 7/1/82, the borrower executed promissory note(s) to secure the loan(s) of $2500.00 from Detroit Bank & Trust CO, Detroit, MI at 7 percent interest per annum. This loan obligation was guaranteed by the Michigan Higher Education Assistance Authority and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $810.59 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 3/25/85, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1689.41 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 6/15/94, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of those payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1609.61 |
| Interest: | $986.87 |
| Administrative Costs: | $9.05 |
| Late fees: | $0.00 |
| Total debt as of 11/23/98: | $2605.53 |

Interest accrues on the principal shown here at the rate of $.31 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/23/98
Date

Name: [signature]
Loan Analyst, Litigation Branch

FA-4514 6/79

BEST COPY AVAILABLE AT TIME OF IMAGING

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY    30-06441-
GUARANTEED STUDENT LOAN

INTERIM NOTE

Date: _____

On __July 1__ 19 __82__ or on such accelerated or extended maturity date as provided for herein, for value r(
the undersigned promises to pay to __The Detroit Bank & Trust Co.__

hereinafter called the Financial Institution, or order the principal sum of $ __2500.00__
together with interest thereon from the date of disbursement of this loan at the rate of __7__ % per annum. The unde
hereinafter called the Maker, shall pay such principal and interest at the office of the Financial Institution at _____
__Detroit Michigan__

or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of A

**DISCLOSURE STATEMENT**
**Prepayment:** Maker may prepay all or part of the principal amount of the loan at any time without penalty. Interest shall cease to accrue on the amount of the prepayment as of the date of payment thereof.
**Rebate:** Because there is no precomputed unearned finance charge, there is no amount subject to rebate in the event of prepayment except if prepayment shall occur within 10 days of disbursement. In such case the full amount of the prepaid finance charge shall be rebated.
**Interest Accrual:** Interest accrual begins with disbursement of the loan proceeds. Interest will be paid to the Holder on behalf of the borrower by the Federal government if the borrower qualifies for interest subsidy payments under current Federal law and implementing regulations provided school officials have supplied adequate data covering school costs and financial assistance to meet those school costs at the time application was made for this loan.

Loan No. __364672U__

(a) Amount of Loan                                $ __2500.00__

(b) Prepaid Finance Charge                       $ __25.00__
    (Student Loan Insurance Premium)

(c) Amount Financed (a-b)                        $ __2475.00__

(d) **ANNUAL PERCENTAGE RATE**
    (1) Prior to repayment                       __.59__
    (2) During Installment repayment             __7__

0 9 2 7 5 0 9 2   **ACKNOWLEDGEMENT**

The undersigned hereby acknowledges having read and understood the above disclosure statement and acknowledges receipt of an copy of this Note at the time of execution of the Note.
Principal amount of the loan may be paid at the option of the Maker by executing and delivering an authorized installment Payou to the Financial Institution calling for the first payment no earlier than the maturity date of this note and for an interest rate wl payable by the Maker which does not exceed the interest rate of this Interim Note. Estimated Payout Note Annual Percentage Rate
**Insurance Premium:** The Maker agrees to pay the Financial Institution, in addition to interest and principal due, an amount equ the premium that the Financial Institution is required to pay to the Michigan Higher Education Assistance Authority in order to p insurance coverage on this Note, and such Premium is due and payable immediately. Such premium is equal to one percent (1%) of the a of loan commitment which as of the date of this note may reasonably be expected to be disbursed during the academic peri which the loan has been requested.
**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half-time status or (2) transfer school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this note is accel( The accelerated maturity date shall be not less than nine months nor more than twelve months after the date of the occurrence of events of acceleration.
**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and th period of less than half-time enrollment status at a participating school, non-attendance at any school or enrollment at a non-partici school, does not exceed a maximum of twelve continuous months, the maturity date of this note may be extended to a date n( than nine months nor more than twelve months after the date less than half-time attendance at a participating school occ
**Deferment:** Once the maturity date of this note occurs, repayment is required to begin; however, repayment may be deferrec maximum of 36 months if, prior to executing a repayment note, the Maker enters the Armed Forces of the United States, the Corps, full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service Act of 1973, or for any peri Maker is pursuing a full-time course of study at a participating school or is pursuing a course of study under a graduate fell( program approved by the U.S. Commissioner of Education or at the request of the Maker, during a single period not in exc twelve months during which the Maker is seeking and unable to find full-time employment.
**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses att to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on thi and (2) send written notice to the Financial Institution and to the Michigan Higher Education Assistance Authority of any cl occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in c
The Maker, if more than one, shall be jointly and severally liable and the term "Maker" whenever used herein shall apply to the or any one or more of them. If the Maker shall default on this note by reason of death or total and permanent disability, the indebt shall be paid in full to the Financial Institution by the Michigan Higher Education Assistance Authority on behalf of the Maker. Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become imme due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with coll( thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take jud for all such sums.
The Maker acknowledges that he or she is legally obligated under Section 8, Act. No. 77 of the Public Acts of 1960, for the pa

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

[signature]   11-23-98

NAME                                                    DATE

2:12-cv-13187-BAF-MAR   Doc # 1   Filed 07/20/12   Pg 5 of 9   Pg ID 5

...ps, full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service Act of 1973, or for any period Maker is pursuing a full-time course of study at a participating school or is pursuing a course of study under a graduate fellow program approved by the U.S. Commissioner of Education or at the request of the Maker, during a single period not in exces twelve months during which the Maker is seeking and unable to find full-time employment.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses atten to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this and (2) send written notice to the Financial Institution and to the Michigan Higher Education Assistance Authority of any char occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in def

The Maker, if more than one, shall be jointly and severally liable and the term "Maker" whenever used herein shall apply to the Ma or any one or more of them. If the Maker shall default on this note by reason of death or total and permanent disability, the indebted shall be paid in full to the Financial Institution by the Michigan Higher Education Assistance Authority on behalf of the Maker. If Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immedia due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collecti thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgm for all such sums.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the paym of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor her in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such pow options, or rights.

The Maker acknowleges if Maker and Holder agree an installment payout note may be executed calling for repayment to begin ear than the maturity date of this note and for payments which exceed the $360 yearly minimum or five year minimum term. In instances such agreement the nine to twelve month grace period may not be restored; however, the Maker may at any time refinance this note the extent that the Maker may have a total note term of at least five years but no more than ten years for repayment.

CO-MAKER SIGNATURE _____

TYPED NAME _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

SOCIAL SECURITY NO. [ ][ ]-[ ][ ]-[ ][ ][ ][ ]

MAKER SIGNATURE _James Michael Franz_

TYPED NAME __James Michael Franz__

ADDRESS __13528 Kurch__

CITY __Sterling Heights__ STATE __Mich__ ZIP __48077__

SOCIAL SECURITY NO. [ ][ ]-[ ][ ]-[ ][ ][ ][ ]

**NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event th Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority, in th ...ent of default, the Maker's obligation to the Holder is transferred to the State of Michigan.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official __Patrick Cummings__

BEST COPY AVAILABLE
AT TIME OF IMAGING

LENDER COPY

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

_____  11-23-98
NAME            DATE

ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED
IS HEREBY ASSIGNED (WITHOUT WARRANTY, EXCEPT THAT
THE NOTE QUALIFIES FOR INSURANCE) TO MICHIGAN
HIGHER EDUCATION ASSISTANCE AUTHORITY

NAME OF LENDER  Sallie Mae
*Nerissa Mullin*  9-24-85

HEMAR SERVICE CORPORATION
AS AUTHORIZED AGENT
BY NERISSA MULLIN
CLAIMS SUPERVISOR

BEST COPY AVAILABLE
AT TIME OF IMAGING

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

_____11-23-98_____ DATE

_____[signature]_____ NAME